FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ APR 3 0 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

TIMOTHY HALO,

       Petitioner,

 -against-

UNITED STATES OF AMERICA,

       Respondent.

----------------------------------------------------------------- X

06 CV 5041 (ARR)(RLM)

<u>NOT FOR
PRINT OR ELECTRONIC
PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

 I have received the Report and Recommendation on the instant case dated February 5, 2007 from the Honorable Roanne L. Mann, United States Magistrate Judge. Judge Mann recommends that petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate his petty offense conviction be denied. By letter dated February 15, 2007, petitioner objects to the portion of the Report and Recommendation recommending dismissal of petitioner's claim that he was denied the effective assistance of counsel because he was not advised of his right to testify in his own defense. Having conducted a <u>de novo</u> review of Judge Mann's findings and recommendation on this claim, <u>see</u> 28 U.S.C. § 636(b)(1),[1] this court finds the claim to be without merit for the

---

[1] Given that Judge Mann conducted petitioner's criminal trial pursuant to 18 U.S.C. § 3401(b), the court held a telephone conference with the parties to discuss whether it might be appropriate to construe Judge Mann's Report and Recommendation on petitioner's § 2255 motion as a decision on the merits reviewable by the Second Circuit. By letter dated April 10, 2007, petitioner, while acknowledging that this is a question of first impression, advised the court that there does not appear to be any statutory basis for a magistrate judge to render a final decision on the merits of a § 2255 motion absent consent of the parties, even when the magistrate judge conducted the trial and sentencing for the underlying criminal conviction. The court agrees with petitioner's thorough analysis in this regard, and, accordingly, reviews the Report and Recommendation under the standard set forth in 28 U.S.C. § 636(b).

reasons set forth below and, accordingly, adopts Judge Mann's recommendation to deny petitioner's § 2255 motion.[2]

## DISCUSSION

In his objections to the Report and Recommendation, petitioner maintains that he received ineffective assistance of counsel because the attorney representing him at trial, Milton Florez, failed to advise him that petitioner was entitled to make the decision as to whether or not to testify in his own defense. The Second Circuit has made clear that the defense counsel bears the burden of "ensuring that the defendant is informed of the nature and existence of the right to testify" and his conduct in this regard is part of providing effective assistance of counsel. Brown v. Artuz, 124 F.3d 73, as corrected at 1997 U.S. App. Lexis 34018, at *22 (2d Cir. 1997). Therefore, the Report and Recommendation appropriately analyzed petitioner's claim under the two-part test for ineffective assistance of counsel established in Strickland v. Washington, 466 U.S. 668 (1984). See Brown, 124 F.3d 73, 1997 U.S. App. LEXIS 34018, at *22. Under Strickland, petitioner must demonstrate, first, that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," 466 U.S. at 688, and second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 698.

With regard to the first prong of the Strickland test, the Report and Recommendation concluded that (a) petitioner failed to prove that trial counsel prevented him from testifying, and

---

[2] In petitioner's §2255 motion, he raised four additional claims of ineffective assistance of counsel, each of which Judge Mann recommended dismissing. No objections to the Report and Recommendation were filed with respect to these claims and, based upon a review of the record, the court adopts Judge Mann's findings and recommendations on these claims.

2

(b) even assuming that trial counsel failed to advise petitioner that it was his decision whether to testify, this omission did not render counsel's representation constitutionally deficient because not testifying was a reasonable trial strategy. The Report and Recommendation also found that petitioner failed to establish the required prejudice under the second prong of the Strickland test, because petitioner has not shown a reasonable probability that his testimony would have resulted in a different outcome.

In petitioner's objections, he contends that the evidence he presented was sufficient to show that counsel's performance was deficient. In particular, he claims that Judge Mann does not give sufficient weight to petitioner's statement in his affidavit that "Mr. Florez never told me that, even if he recommended against it, it was ultimately my decision whether or not I should testify." (See Halo Aff. ¶ 8.) Judge Mann determined that petitioner had failed to satisfy his burden to show that counsel's performance was defective because a petitioner's self-serving statement is insufficient substantiation for such a claim. (See Report & Recommendation ("R&R") at 8 (citing Chang v. United States, 250 F.3d 79, (2d Cir. 2001).) Petitioner emphasizes that this case is distinguishable from Chang, because, here, petitioner's counsel did not dispute petitioner's assertion that he was not informed that the decision whether to testify was his to make; rather, trial counsel stated that he does not remember whether he informed Mr. Halo of this principle. (Florez Aff. ¶ 4.) Petitioner argues that his statement is also corroborated by an affidavit filed by his sister in which she stated "I know that Tim expected to testify at trial, and the only reason he did not testify was because his attorney insisted against it." (Thea Halo Aff. ¶ 4.) Further, petitioner points to the fact that, in post-trial proceedings, petitioner complained that he had not been allowed to testify at trial and trial counsel did not dispute this assertion. On this

3

basis, petitioner argues that he has provided sufficient evidence to show that he was not informed that he had the ultimate decision-making authority regarding whether to testify in his own defense. Petitioner contends that this should be a sufficient basis for the court to find that trial counsel's performance was deficient, even if counsel's decision not to put his client on the stand may have been reasonable as a matter of trial strategy.

The court declines to address the objections raised with regard to the first prong of the Strickland test because, assuming arguendo that counsel's performance was deficient, the court agrees with Judge Mann's conclusion that petitioner has failed to show he was prejudiced by counsel's performance in this regard. A court need not decide both prongs of the Strickland test for ineffective assistance of counsel if a party has made an insufficient showing on one. See Strickland, 466 U.S. at 697.

At petitioner's bench trial before Judge Mann, three witnesses testified that petitioner hit Henry Flores ("Officer Flores"), an on-duty police officer with the Department of Veteran's Affairs. The witnesses included Officer Flores as well as two eyewitnesses, Nancy Montalvo-Ramos and John Austin, employees of the Veterans Administration Medical Center in Brooklyn ("the hospital"), where the incident took place. Officer Flores also testified about three prior encounters with petitioner, one in which Mr. Halo was cited for disorderly conduct (see Tr. at 15-17), another in which another officer arrested petitioner for possession of a knife on federal property (see Tr. at 15), and another in which Officer Flores arrested Mr. Halo for narcotics possession (see Tr. at 26-27.)[3] Based on the testimony at trial, Judge Mann found the witnesses

---

[3] At trial, Judge Mann granted the defendant's motion to suppress the narcotics found as a result of the search undertaken by Officer Flores and, accordingly, dismissed the charge brought against Mr. Halo for drug possession. (See Tr. at 135.)

4

to be credible and that any inconsistencies in their recounting of events related only to the exact location of the event. (See Tr. at 190-91.) Judge Mann accordingly found petitioner to be guilty beyond a reasonable doubt of assaulting Officer Flores at the hospital, in violation of 18 U.S.C. § 113(a)(4).

As provided in petitioner's affidavit, Mr. Halo would have testified that he made a "smart remark" to Officer Flores, after which "Officer Flores slammed his body into me and asked me what I had said." (See Halo Aff. ¶ 5.) Mr. Halo would have further testified that, after Officer Flores "slammed" him again, Mr. Halo put his left arm up to defend himself and never hit Officer Flores. (Id.) Mr. Halo also would have described a history of "bad" encounters with Officer Flores. (Id. ¶ 6.) For example, he would have testified that Officer Flores arrested him for possessing a pocket knife that fell within the hospital's regulations and, when Mr. Halo complained about the incident the following day, Officer Flores pushed him against a wall and hurt his hand, necessitating emergency room treatment. (Id.) He also would have testified that Officer Flores must have falsified his report documenting his arrest of Mr. Halo for possession of heroin and crack, because Mr. Halo had never possessed crack. (Id.)

Judge Mann found that, even if petitioner had testified to this effect at trial, there would have been no reasonable probability that he would not have been convicted. Judge Mann observed that the previous encounters between Officer Flores and petitioner had already been adequately brought to her attention at trial. She further noted that petitioner had no proof of his accusations that Officer Flores was the aggressor and petitioner was the victim or that Officer Flores had prepared false reports about petitioner. Moreover, Judge Mann found that petitioner's testimony would have likely been impeached through use of his psychiatric history and criminal

5

record. Judge Mann also observed that, based on her experience with petitioner in court conferences and hearings, petitioner would likely not have been a credible witness, as he often came across as "confused, paranoid, and (whether intentionally or not) given to exaggeration and misrepresentation." (R&R at 12.) Consequently, Judge Mann found no reasonable basis for finding that she would have credited petitioner's uncorroborated testimony over the testimony of the three witnesses for the prosecution.

In his objections, petitioner first expresses the concern that Judge Mann may have inadvertently subjected petitioner's claim to a higher standard of scrutiny than is warranted. Petitioner argues that, because Judge Mann was the trier of fact at petitioner's criminal trial and found that his guilt was established beyond a reasonable doubt, it may be difficult for her to reevaluate the evidence to consider whether plaintiff's testimony would have been likely to create a reasonable doubt. On this basis, petitioner requests that Mr. Halo be allowed to testify in front of this court for full de novo review. The court finds that it is not necessary for the court to ask Mr. Halo to present his testimony, because Judge Mann's well-reasoned conclusion in her Report and Recommendation is amply supported by the record.

Petitioner's conviction was based on the testimony of three witnesses, each of whose testimony was similar in material respects and at least two of whom had no motive to lie. While petitioner claims that petitioner's testimony would have provided a plausible alternative explanation for the altercation witnessed by Ms. Montalvo-Ramos and Mr. Austin, the court finds that petitioner's recounting of events strains credulity. It is difficult for the court to believe that both witnesses could have misinterpreted as a punch an attempt by Mr. Halo to protect himself from Officer Flores by raising his left hand. Further, the court finds that the likely

introduction of impeachment evidence in the form of petitioner's psychiatric history and, possibly, his prior criminal background would have further reduced the probability that his testimony would have been credited by the trier of fact. As Judge Mann observed, the evidence in the record suggests that Mr. Halo suffers from various psychiatric conditions that cause him to experience confusion, memory deficits, and an inability to focus. See, e.g., Letter from Dr. Paul Salkin (dated Feb. 16, 2004), available as Def.'s Br. & App. for Appellant ("Def.'s Appeal Br."), App. A.2 in United States v. Halo, No. 05 CR 0063. In addition, as Judge Mann observed, Mr. Halo's testimony might also have opened the door to admitting portions of his criminal background. Even though Mr. Halo's criminal history stems from incidents in the past and appears to be for non-violent offenses, had this evidence been admitted, his series of negative encounters with law enforcement constitute an additional factor that would have discredited his testimony.

Further, petitioner has provided no reason to question Judge Mann's credibility determinations with regard to the prosecution witnesses or petitioner, and the court finds no basis for doing so. Even though Mr. Halo only submitted his proposed testimony via affidavit, Judge Mann had a sufficient opportunity to observe his demeanor during status conferences, sentencing, and other proceedings over the three year period his criminal case was pending before her. Consequently, this court accepts Judge Mann's credibility findings. See Cullen v. United States, 194 F.3d 401, 407 (2d Cir. 1999) (holding that district judges are not entitled to reject a magistrate judge's credibility finding without having the witness testify).

Petitioner contends that his testimony that Officer Flores was the one who provoked the attack on Mr. Halo was corroborated by additional evidence showing a history of "excessive"

7

reactions by Officer Flores to Mr. Halo. In particular, petitioner cites to the hospital's guidelines for metal detectors, which includes, as an example of a potentially dangerous item that may be confiscated, a knife over three inches, while Officer Flores' report indicated that the knife confiscated from petitioner was two and a half inches. (See Def.'s Appeal Br., App. A-22, 32.) In addition, petitioner cites to the portion of Officer Flores' report from the incident on July 5, 2002, noting that petitioner was taken to the hospital's emergency room after the incident complaining of wrist pain. (See id. at A-36.) Petitioner claims this report substantiates his anticipated testimony that Officer Flores threw him against a wall. (See id. at 7 & n.11). Finally, petitioner cites to the fact that Judge Mann suppressed the narcotics found as a result of Officer Flores' search of Mr. Halo, after finding an insufficient basis to form reasonable suspicion or probable cause that criminal activity was taking place. (Tr. at 130). Petitioner also emphasizes that Judge Mann found Officer Flores' testimony in reference to his previous encounters with Mr. Halo to be "so confused and unreliable" that she provided it little weight in evaluating the basis for reasonable suspicion. (See id.) The court finds this evidence very minimally, if at all, bolsters petitioner's argument that Officer Flores had a personal vendetta against him and was the aggressor during the incident in question. Even taken as a whole, this evidence combined with the opportunity for petitioner to explain his version of the incident in question would not suffice to create a reasonable probability that the trial verdict would have been different.

Petitioner objects to Judge Mann's comparison of the instant case to Rega v. United States, 263 F.3d 18 (2d Cir. 2001), on the ground that the two cases are distinguishable. In Rega, the Second Circuit found a petitioner's uncorroborated testimony in the face of contradicting evidence to be insufficient to establish prejudice for the purposes of an ineffective assistance of

8

counsel claim. Petitioner contends the facts of that case are quite different in that (1) the conviction in <u>Rega</u> was based on witnesses and evidence received after a sixteen month RICO trial, while, here, there were only three witnesses to a very brief event; and (2) Rega's testimony would have opened the door to admission of his conviction for a prior related offense as well as the introduction of excluded evidence that corroborated the government's case, while, here, the petitioner's criminal convictions were not related to the instant charge. The court acknowledges that the prosecution's case against Rega appeared to be stronger than the one against the petitioner and the impeachment evidence more damaging. Yet, like Judge Mann, the court finds <u>Rega</u> to be instructive. Although, as discussed above, petitioner cites to additional evidence in the record that he claims corroborates his story, the probability that the verdict would have been different had petitioner testified depends almost entirely on the trier of fact crediting petitioner's version of events in the face of contradictory testimony. Thus, as with <u>Rega</u>, Mr. Halo's proposed testimony "provided no evidence of significance that is not wholly dependent on either his credibility or the incredibility of the witnesses against him." <u>Id.</u> at *11. Given Judge Mann's determination that petitioner was not likely to be a credible witness as well as the damaging impeachment material that would likely have been introduced, the court finds it to be highly improbable that his testimony would have been sufficiently credited by the trier of fact to create the requisite reasonable doubt.

Finally, although the court is reviewing petitioner's claim <u>de novo</u> and finds the Report and Recommendation to be supported by the record, the court also finds it persuasive that Judge Mann – as the trier of fact in petitioner's underlying criminal conviction – concluded that petitioner's testimony would not have affected the trial's result. The court notes that this is a

highly unusual case in which the trier of fact is the one who is in a position to make a proposed finding as to whether the omitted testimony was prejudicial to the outcome for the purposes of Strickland. The court determines that Judge Mann provided appropriate weight to petitioner's testimony vis-à-vis those of the other witnesses in coming to the conclusion that petitioner failed to establish that he was prejudiced by any failure by counsel to adequately explain to petitioner the nature of his right to testify in his own defense.

## CONCLUSION

For the foregoing reasons, the court adopts the recommendation of Judge Mann and denies petitioner's motion pursuant to 28 U.S.C. § 2255. Because he has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: April 30, 2007
Brooklyn, New York

SERVICE LIST:

        Counsel for Petitioner

        Georgia J. Hinde
        Law Office of Georgia J. Hinde
        1133 Broadway
        Suite 304
        New York, NY 10010


        Counsel for Respondent

        Carolyn Pokorny
        United States Attorneys Office
        U.S. Attorney's Office
        Eastern District of New York
        One Pierrepont Plaza, 14th Floor
        Brooklyn, NY 11201


cc:        Magistrate Judge Roanne L. Mann